**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4174**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OCTAVIO CRUZ BELTRAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:06-cr-00198)

Submitted:  September 11, 2007    Decided:  September 13, 2007

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Angela Parrott, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Octavio Cruz Beltran pled guilty to possession of a firearm by an illegal alien. At sentencing, the district court overruled Beltran's objections to the presentence report and sentenced him to forty-eight months in prison, a sentence within the Guidelines range. On appeal, Beltran contends that the sentence is unconstitutional because he was sentenced under a de facto mandatory Guidelines system. Accordingly, he asserts that his sentence, which was based on the judge's factual findings rather than his admissions or jury findings, violated his Fifth and Sixth Amendment rights. We affirm.

Because Beltran did not raise this issue in the district court, our review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). We have concluded that sentencing decisions made by the district court based upon the preponderance of the evidence comport with the Sixth Amendment. See United States v. Morris, 429 F.3d 65, 69 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006). We review a sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). However, while a sentence outside the Guidelines range is not

presumptively unreasonable, <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006), the further the sentencing court diverges from the Guidelines, the more compelling the reasons for the divergence must be. <u>See</u> <u>Moreland</u>, 437 F.3d at 434.

In light of our precedents, we find no merit to Beltran's claims that he was sentenced under a mandatory system. <u>See</u> <u>United States v. Rita</u>, 127 S. Ct. 2456, 2462 (2007) (upholding presumption of reasonableness). In addition, our review of the record shows that the district court properly applied our precedents and that the sentence is reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>